IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

_____

SANDRA RODGERS, as Administratrix of  )
The Estate of Michelle A. Meredith and )
RONALD MEREDITH, as Administrator of )
The Estate of Donald R. Meredith )
)
        PLAINTIFFS    ) Civil Action No. 1:16cv-00022-GNS
v.    ) JUDGE GREG N. STIVERS
)
MAMMOTH CAVE NATIONAL PARK )
and UNITED STATES OF AMERICA )
)
        DEFENDANT    )

_____

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiffs' motion to amend their complaint, DN 13. The Defendants have responded in opposition at DN 20 and the Plaintiffs have replied at DN 22.

### Nature of the Case

According to the Plaintiffs' Complaint (DN 1), on March 3, 2015, Michelle and Donald Meredith were traveling by automobile through Mammoth Cave National Park. The Green River runs through the park and the Green River Ferry transports vehicles across the river. Plaintiffs allege that the Merediths drove their vehicle onto the ferry but accidentally drove through the barrier on the opposite end, plunging into the river where they drowned.

The Plaintiffs, representatives of the Merediths' estates, filed this action on March 2, 2016, citing jurisdiction under the Suits in Admiralty Act, 46 U.S.C. § 30901 *et seq.* or, in the alternative, the Public Vessels Act, 46 U.S.C. § 31101 *et seq.* The complaint alleges that the Defendants' operation of the ferry breached a variety of duties owed to the Merediths as passengers.

On November 9, 2016, the Defendants filed a motion to dismiss the case for lack of jurisdiction (DN 12). Defendants argue in that motion that the Green River is not a navigable waterway for purposes of establishing admiralty jurisdiction at the location of the accident. As such, the Defendants contend the limited waivers of sovereign immunity in the Suits in Admiralty Act and Public Vessels Act do not apply in this case.

Although Plaintiffs contend there is no connection with the Defendants' motion to dismiss, on December 1, 2016, they filed the subject motion seeking leave to file a first amended complaint. The amended complaint adds an additional jurisdictional basis under the Federal Tort Claims Act ("FTCA"), in accordance with 28 U.S.C. § 1346(b) (DN 13-1).

### Plaintiffs' Motion to Amend

In order to maintain an action against the United States under the FTCA, a claimant must first have presented the claim to the appropriate federal agency and had the claim denied or no action taken by the agency within six months from the date of presentation. 28 U.S.C. § 2675(a). A claim is presented by way of Standard Form 95 or other written notification of the incident. 28 C.F.R. § 14.2(a). Exhaustion of

administrative remedies is a prerequisite to instituting litigation seeking relief under the FTCA. McNeil v. United States, 5085 U.S. 106, 107 (1993).

Plaintiffs state that, in order to preserve their option to amend the complaint to add claims under the FTCA, they served administrative claim forms SF-95 on the United States. They attached copies of the forms and proof of receipt as exhibits to the motion (DN 13-2 & 13-3). As six months have now elapsed with no responsive action by United States, Plaintiffs contend that they have exhausted their administrative remedy and are authorized to amend their complaint to assert a claim under the FTCA.

### The Defendants' Opposition to the Motion to Amend

The Defendants do not contest that Plaintiffs submitted a claim to the United States Department of the Interior, that the Department of the Interior was the proper agency to which the claim should have been directed or that the Department has not made a determination within six months of filing. The Defendants oppose the motion to amend, however, because the claim was not submitted until *after* this litigation was commenced. Defendants point to the language of 28 U.S.C. 2675(a) which requires exhaustion of administrative remedies *before* litigation is commenced:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection

shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. 2675(a)

Defendants argue that McNeil, 508 U.S. 106 makes clear that the administrative remedy must be exhausted before litigation can be commenced. In that opinion, the Court concluded that "instituted" as used in § 2675(a) is synonymous with "begun" and "commence," and the statute evidences an intent by Congress that complete exhaustion of remedies is required before invoking the judicial process. Id. at 111-12. The Defendants further cite Edwards v. District of Colombia, 606 F. Supp. 2d 112, 116-17 (D.D.C. 2009) and Ortiz-Romany v. United States, 497 F. Supp. 2d 285, 294 (D.P.R. 2007) as interpreting McNeil to require the institution of a new lawsuit after the exhaustion of administrative remedies, rather than the amendment of an already-filed complaint. To do otherwise, these cases hold, would be to render the exhaustion requirement meaningless.

### Plaintiffs' Reply

Plaintiffs assert that an opinion from this District, Tobin v. Troutman, No. 3:98CV-633-H, 2002 U.S. Dist. LEXIS 7105 (W.D. Ky. April 19, 2002), permits the amendment of the complaint. In Tobin, the court dealt with a taxpayer refund action. An issue before the court was whether the taxpayer had instituted the litigation within the applicable statute of limitations under 26 U.S.C. § 6532(a) and 7422(a). The court found those limitations analogous to the exhaustion requirement under 26 U.S.C. § 2675(a) of the FTCA. The court analyzed McNeil and the underlying decision by the Seventh Circuit in detail, and concluded that, while "McNeil did hold that 'the FTCA bars

claimants from bringing suit in federal courts until they have exhausted their administrative remedies,' [it] does not necessarily mean that it also held that a plaintiff may not file a supplemental complaint demonstrating these exhaustion requirements have been met, thereby properly vesting a federal district court with jurisdiction over the suit." Tobin, 2002 U.S. Dist. LEXIS 7105 at *16. Tobin recognized that allowing claimants to amend premature complaints after exhaustion of administrative remedy might vitiate the statutory requirement that administrative remedies must be exhausted prior to filing suit. However, the court further observed that, as a practical matter, in most instances the government will move to dismiss a case where the administrative remedy has not been exhausted and the claimant has not filed a supplemental complaint. Id. at 17-18.

Additionally, Plaintiffs point out that their initial complaint asserted admiralty-based claims, and it did not include any FTCA claims. Their amended complaint, therefore, seeks to institute the FTCA claims subsequent to the exhaustion of their administrative remedy. This, Plaintiffs argue, differentiates their claims from those in the cases cited by the Defendants, in which FTCA claims were included in the original complaints.

## Discussion

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted "when justice so requires." In light of this liberal view, "[a] motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010). Here, the Defendants contend that

5

amendment of the complaint would be futile because they failed to exhaust their administrative remedy under 26 U.S.C. § 2675(a). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). The undersigned concludes that amendment of the complaint would not be a futility.

Tobin, 2002 U.S. Dist. LEXIS 7105, established a precedent in this judicial district that an amendment to a complaint may cure a premature filing under the FTCA, so long as the United States has not previously moved to dismiss the complaint, but the court made clear that this is not a bright-line rule. "The Court qualifies this statement because this discretionary ruling necessarily turns on the circumstances presented by each motion, as the unusual procedural posture of the instant case aptly demonstrates." Id. at *18, fn. 1.

However, an analysis of the procedural circumstances in this case need not be undertaken because the Plaintiffs did not assert an FTCA claim in the original complaint. This fact differentiates the present case from the cases cited by the Defendants, in which those plaintiffs sought to cure prematurely filed FTCA actions.

The statute prohibits the institution of an action for tort damages against the United States until the administrative remedy is exhausted. "Thus, the statute's jurisdictional limit is specific to actions that raise claims for tort damages." Malouf v. Turner, 814 F. Supp. 2d 454, 461 (D.N.J. 2011). Where an amendment to a complaint, after the exhaustion of administrative remedy, asserts a new claim for tort under the FTCA there is no jurisdictional restriction under the statute. Id.; *see also* Corley v.

United States, No. 14-CV-925 (NGG) (SMG), 2016 U.S. Dist. LEXIS 121034 (S.D.N.Y Sept. 6, 2016); Grancio v. DeVecchio, 572 F. Supp. 2d 299 (E.D.N.Y 2008). The rationale behind these cases is straightforward. A complaint is not premature if it does not contain an allegation of negligence under the FTCA and sets forth some other jurisdictional basis. The new FTCA claim is only "instituted" when the plaintiff seeks to add it to the complaint by way of amendment. Allowing the amendment does no injury to the policy deterring premature filings because the amendment is not a cure, rather it represents a new claim asserted after the administrative remedy is exhausted. To hold otherwise would mean that plaintiffs must delay filing otherwise ripe causes of action until they can present all their claims in one complaint or needlessly file a separate complaint which would ultimately be consolidated, thereby wasting judicial resources.

**IT IS ORDERED** Plaintiffs' motion to file a first amended complaint, DN 13, is **GRANTED**.

ENTERED this January 10, 2017

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:  Counsel of Record